IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**HORACIO CARRASCO-OLIVAS,**

    **Plaintiff,**

    v.                                   CASE NO.  22-3140-SAC

**BRIAN BELLINGER, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is currently confined at the Barton County Detention Facility in Great Bend, Kansas ("BCDF").  The Court provisionally granted Plaintiff's motion for leave to proceed in forma pauperis.  The Court screened Plaintiff's Complaint and entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set out in the MOSC.  This matter is before the Court on Plaintiff's Response (Docs. 6, 7.)

Plaintiff alleges in his Compliant that he requested a law library and was told by staff that there was no law library.  (Doc. 1, at 2.)   Plaintiff states that they need a law library and when they request one, they are refused or told "I don't know" when they ask for legal help.  *Id*. at 3.  In his request for relief, Plaintiff asks for support or help for a law library.  *Id*. at 5.

The Court found In the MOSC that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions."  *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives

ultimately from the doctrine of standing."). To state a denial of access claim due to lack of legal resources, the inmate must allege something more than that the prison's or jail's law library or legal assistance program is inadequate. He "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim," causing him "actual injury." *Lewis*, 518 U.S. at 348, 350. In order to satisfy the actual injury requirement, the plaintiff must show that, by denying plaintiff access to the law library, prison officials frustrated or impeded the plaintiff's ability to file or litigate a non-frivolous action. *Id.* at 351, 354–55. Moreover, providing law library facilities to inmates is merely "one constitutionally acceptable method to assure meaningful access to the courts." *Id*. at 351 (*citing Bounds v. Smith*, 430 U.S. 817, 830 (1977)). It follows that the inmate represented by counsel is not entitled to a law library.

In his response, Plaintiff continues to argue that there is no access to a law library and that staff have refused to make copies of cases. (Doc. 6.) Plaintiff alleges that other detainees would like to check the status of their criminal cases. *Id*. However, there is no suggestion that they are unable to get case updates from their criminal defense attorneys or that they are unable to request status updates from the state courts.

Plaintiff has still not shown an injury as required by *Lewis*. The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n

inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).

Plaintiff has not alleged that the lack of a law library prevented him from accessing the courts or caused him actual injury.  The claim is not plausible, particularly since he was able to file this action in federal district court.   Plaintiff has failed to show good cause why his claim should not be dismissed for failure to state a claim.

In his response, Plaintiff also claims for the first time that there is mold at BCDF. (Doc. 6, at 2.)  He claims that they are told to stay away from it and when they ask for cleaning supplies they are told "it's too late or wait till the morning." *Id*.  Plaintiff claims that it is not the detainees' job to clean the facility which does not belong to them.  *Id*.  Plaintiff also claims that when a detainee floods their cell the water is shut off for everyone.  (Doc. 7, at 1.)  Plaintiff also alleges that the cold water in his cell is not working and no one has been sent to fix it, forcing Plaintiff and his cell mate to ask for a pitcher of water to drink.  *Id*.

Plaintiff has failed to allege sufficient facts to state a claim regarding his conditions of confinement at BCDF.[1]  The Tenth Circuit has held that a pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)); *see also Hooks v. Atoki*, 983 F.3d 1193, 1203–04 10th Cir. 2020) (declining to extend *Kingsley's* exclusively objective standard for pretrial detainees' excessive force claims to Fourteenth Amendment deliberate indifference claims).  A prison official violates the Eighth

---

[1] The Court notes that these new claims were alleged in Plaintiff's response and are not included in his Complaint. Plaintiff has not suggested that he has filed grievances or sought administrative relief regarding these new claims.

Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id*. To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id*. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and

unusual 'punishments.'" *Id*. It is not enough to establish that the official should have known of the risk of harm. *Id*.

Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id*. As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations. . .' may meet the standard despite a shorter duration." *Id*. (citations omitted).

Plaintiff's allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." Plaintiff has also failed to allege "deliberate indifference" by any defendant.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated July 22, 2022, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**